No. 35,752

EDNA GODDARD, Administratrix of the Estate of Joseph N. Goddard, Deceased, *Appellant*, v. WESTERN STATES AUTOMOBILE CLUB, *Appellee*.

(133 P. 2d 126)

Opinion filed January 23, 1943.

*Charles M. Stokes*, of Topeka, argued the cause for the appellant.

*C. C. Stewart*, of Lawrence, argued the cause for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action by the administratrix of the estate of the late Joseph N. Goddard of Douglas county to require the defendant Western States Automobile Club to deliver to her a personal accident insurance policy of the Great Northern Life

Insurance Company for $1,000, or to pay plaintiff $1,000 as damages for nonperformance of an alleged contract so to do.

The controlling facts were to this effect: In September, 1939, J. N. Goddard, since deceased, signed an application for membership in the Western States Automobile Club. In part, it read:

"The undersigned hereby makes application for one-year membership in the Western States Automobile Club and has this day paid our representative the sum of—$10.00—dollars. The undersigned promises and agrees to pay the balance of—$19.50—dollars in installments of $——— per week or month . . . until the full amount of the balance is paid."

The application, dated September 25, 1939, gave a description of the applicant's automobile, and agreed to remit to the club the total balance, if any, according to arrangements made with its district credit manager, or in regular monthly payments of $4 beginning 30 days from date of application. Another provision of the application read:

"It is further understood that the member shall receive services from date of application."

The application and accompanying papers, when executed by Goddard and accepted by the club, constituted a contract. It contained a lengthy rigmarole of fine print which bound the defendant to supply certain services for the applicant, correction of his automobile's mechanical troubles, towage, tire changing, car inspection, bail bonds, touring information, legal advice, etc. The contract also contemplated that the club would procure an accident insurance policy for $1,000 in favor of Goddard, to be issued by a third party, the Great Northern Life Insurance Company, on the following terms:

"The accident and disability insurance policy, issued for 12 months in connection with the membership, through the Great Northern Life Insurance Company, will be in effect and delivered upon full payment of the membership dues, . . ."

Stamped on the application in bold rubber type were the following words:

"CAMPAIGN OFFER
2 YEARS     $29.50     2 YEARS"

Goddard met his death in an automobile accident on July 25, 1940, and in this action his widow as administratrix sought to compel the Western States Automobile Club to deliver to her an accident insurance policy of the amount and character specified in the

contract between Goddard and the club, or to pay $1,000 damages for breach of its alleged contract to that effect.

After various efforts of the litigants, by pleadings, motions and demurrers, to bring the matter in controversy to a clear issue, the cause was called for trial. The adverse parties made opening statements and plaintiff offered in evidence photostatic copies of the application for membership and the membership contract, also receipts showing installment payments made by the insured. The last two of these were particularly significant. One dated May 22, 1940, acknowledged receipt of $2 and stated that the balance due was $11.50. The next, dated July 9, 1940, acknowledged receipt of $2. That payment left a balance of $9.50 due as provided by the application. Goddard was killed within 16 days after that payment was made, so it was perfectly clear, and indeed it is not disputed, that the total sum specified in the application, $29.50, had not been paid when he met his death.

Accordingly, the trial court sustained a demurrer to plaintiff's evidence and gave judgment for defendant.

Plaintiff assigns various errors, contending that the application of the insured was for a one-year membership, and that the consideration which he agreed to pay, $29.50, was for a two-year membership, and consequently he had paid more than enough for a one-year membership when he was killed. It is quite true that an instrument like this application for membership is to be construed most strictly against the party which prepared it, and most favorably toward the party who is induced to sign it; and it is quite fair, in cases of ambiguity, to construe it against the party who prepared it. But what is the ambiguity here? We find none. Quite obviously, we think, the Western States Automobile Club was conducting a special campaign to stimulate its business, and so it made its "campaign offer" to admit applications to membership for $29.50, good for two years. How much was the ordinary cost of a one-year membership does not appear. Mayhap the $29.50 was intended to give a two-year membership for the price of one. No evidence on the point was offered. It is quite apparent that the application was filled out on a blank application which had been prepared for one-year membership. The rubber stamp imprint indicated that the application would be accepted by the defendant club under its two-year campaign offer.

But the matter that does control is the prerequisite of full pay-

ment of $29.50 before the applicant was entitled to the $1,000 accident insurance policy which defendant agreed to provide. That was plainly embodied in the application. That all-important fact—plain as a pikestaff — cannot be refined away on any theory of ambiguity or under the rule of interpretation of instruments that an obligation is to be construed most strongly against the party who had the privilege of preparing it. Goddard was entitled to a one-year accident policy to be procured for him by defendant when he paid $29.50. When he met his death he had only paid $20, consequently there was no liability.

Plaintiff urges some other objections to the judgment. They have been carefully considered, but they could not affect the result, nor would they justify discussion.

The judgment is affirmed.

PARKER, J., not participating.